IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENDELL MEANS, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | CV-07-WMA-RRA-1885-S |
| | ] | |
| WARDEN GRANT CULLIVER | ] | |
| AND THE ATTORNEY GENERAL | ] | |
| FOR THE STATE OF ALABAMA, | ] | |
| | ] | |
| Respondents. | ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed, because it is barred by the statute of limitations. Objections have been filed.

In his objections, Means argues that the limitations period should be equitably tolled because he filed a § 2254 petition on January 1, 2007, *Means v. Culliver*, CV-07-IPJ-RRA-0008-S. However, that action was dismissed when he failed to pay the required partial filing fee.[1] The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary

---

[1] On January 10, 2007, Means was ordered to pay a partial filing fee. The action was dismissed on February 21, 2007, after Means failed to pay the partial filing fee or respond to the order in any way. On May 24, 2007, the Eleventh Circuit Court of Appeals granted Means' motion for a certificate of appealability on the issue of whether his case was properly dismissed for failure to pay a filing fee, and granted his motion to proceed on appeal *in forma pauperis*. The Eleventh Circuit Court of Appeals dismissed Means' appeal on September 25, 2007, for want of prosecution, because he failed to file a brief.

> circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
>      In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g.*, *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers)*; Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably

tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling). *See also Salazar-Carvajal v. United States*, No. 8:06-CV-539-T-30MAP, 2006 WL 1063688 (M. D. Fla. April 21, 2006)(petitioner's inability to speak or read English or fact that petitioner is unlearned in the law or unfamiliar with the one-year limitations period are not "extraordinary circumstances" that would justify equitable tolling of the limitations period).

Means argues that the limitations period should be equitably tolled because he filed a timely petition that was dismissed.[2] However, that case was dismissed by this court because Means failed to respond to the order requiring him to pay a filing fee. Then, his appeal was dismissed because he failed to file an appellate brief. Both of these failures can be attributed to no one but Means himself. These are circumstances that were clearly within his sole control. Means could have prevented both his earlier petition and the appeal from being dismissed by simply complying with the courts' orders. Because Means has not shown that the untimeliness of the current petition was the result of circumstances beyond his control, he is not entitled to have the limitations period equitably tolled.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

---

[2] It is not clear from the petition filed in *Means v. Culliver*, CV-07-IPJ-RRA-0008-S that Means was challenging in that case, the probation revocation he now challenges in this case.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

Done this 19th day of March, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE